UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 06-0452M-01 (CR) |
| | : | |
| LATRICE BROWN, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1029(a)(5) |
| Defendant. | : | (Access Device Fraud); |
| | : | 18 U.S.C. § 982(a)(2)(B) |
| | : | (Criminal Forfeiture) |

**I N F O R M A T I O N**

The United States informs the Court:

**I. COUNT ONE: ACCESS DEVICE FRAUD.**

At all times material to this information:

1.  Credit card numbers were "access devices" in that they could be used, alone or in conjunction with an expiration date, to obtain money, goods, services, or anything of value by the true holder of the credit card. Circuit City, Chase Bank Master Card, Discover, Express, Lane Bryant, Victoria Secret, NY & Co, Macys, Old Navy, Sears, Citibank Master Card and Visa, and Target VISA were companies which issued credit cards and had activities affecting interstate commerce. These companies issued credit cards to Candice N. Charles, a resident of the District of Columbia who stored the aforementioned credit cards issued to her at her District of Columbia residence.

2. From in or about August 2005 until in or about April 2006, in the District of Columbia and elsewhere, the defendant **LATRICE BROWN** without permission or authority, knowingly and with intent to defraud Candice N. Charles, the aforementioned credit card companies, and various merchants executed a scheme to, and in fact, did effect transactions with one or more access devices including the use of a Master Card # xxxx xxxx xxxx 2423 and a Chase Bank Card # xxxx xxxx xxxx 3070 both issued to another person Candice N. Charles to receive goods and services during a 1-year period for herself, the aggregate value of which is greater than $1,000.

**(Access Device Fraud, in violation of Title 18, United States Code, Section 1029(5))**

**II. <u>FORFEITURE ALLEGATION UNDER 18 U.S.C. § 982(a)(2)(B)</u>**

3. The violation alleged in Count One of this Information is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B).

4. As a result of the offense alleged in Count One of this Information, the defendant in this information shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of access device fraud, in violation of Title 18, United States Code, Section 1029; including, but not limited to:

All Personal Property Seized from 3685 Jay Street, NE, #101, on June 21, 2006, including<u>:</u>

    a. One T-Mobile cell phone and accessories;

    b. One Video I-Pod and accessories;

    c. One Panasonic Speaker System and accessories;

      d. One Sony Play Station Portable, PSP Games and accessories;

      e. One Sony Camcorder and accessories;

      f. One V-Tech 5.8 GHz Phone and accessories; and

      g. One Sony Trinitron TV, Model KV-32FS120 and accessories.

By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B).

    5. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B), as a result of any act or omission of the defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third person;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Sections 982(a)(2)(B); Title 18, United States Code, Section 982(b)(1))**

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____
ANGELA HART-EDWARDS
Assistant United States Attorney
United States Attorneys Office
PA. Bar 61468
Federal Major Crimes Section
555 4th Street, N.W. (Room 4241)
Washington, D.C.  20530
(202) 307-0031