

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20530

December 1, 2006

**FILED**

FEB 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rita Bosworth, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

CR07-005

Re:   United States v. Latrice Brown

Dear Ms. Bosworth:

This letter sets forth the full and complete plea offer to your client, Ms. Latrice Brown. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on Friday, December 15, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.   **Charges**: Ms. Brown agrees to waive Indictment and plead guilty by Information to a violation of 18 United States Code § 1029 (a)(5) (access device fraud). By pleading guilty pursuant to this plea agreement, Ms. Brown hereby waives her right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Brown and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Brown agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Brown's actions and involvement in the criminal offense charged. It is anticipated that prior to or during the Rule 11 plea hearing, Ms. Brown will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.   **Potential penalties, assessments, forfeiture and restitution**: Ms. Brown understands that the maximum sentence that can be imposed for a violation of 18 U.S.C. § 1029(a)(5) is fifteen years of imprisonment, a fine of $250,000 (per 18 U.S.C. § 3571(b)(4)), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment pursuant to 18 U.S.C. § 3013, a term of up to five years supervised release pursuant to 18 U.S.C. § 3583(b), criminal forfeiture pursuant to 18 U.S.C. § 982, an order of restitution pursuant to 18 U.S.C. § 3663A, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Brown understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18

U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Brown understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§2B1.1
    (a) Base Offense Level      6
    (b)(1)(C)    offense involves more than $10,000 loss      4

§ 3E1.1

    (d) Acceptance of Responsibility      -2

TOTAL ADJUSTED OFFENSE LEVEL      8

Ms. Brown and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Brown in this case. In the event that this plea offer is either not accepted by Ms. Brown or is accepted by your client but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Ms. Brown agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in the amount to be determined by the Court. Ms. Brown also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Forfeiture** Ms. Brown agrees to forfeit all interests in any property that constitutes or is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of your client's offense, including, but not limited to, the following specific property: All property seized during execution of a search warrant at 3685 Jay Street, NE, #101, Washington, DC 20019, on June 21, 2006, and listed in the forfeiture order.

Ms. Brown and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

Ms. Brown further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Ms. Brown agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ms. Brown acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and she waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

Ms. Brown further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Ms. Brown agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Ms. Brown acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of her illegal conduct and/or as substitute assets for property otherwise subject to forfeiture.

6. **Government Concessions**: In exchange for her guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that your client continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Brown in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense.

7. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Breach of Agreement**: Ms. Brown agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Brown should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should Ms. Brown commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Brown's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Brown will not have the right to move to withdraw the guilty plea; (c) Ms. Brown shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Brown, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Brown has breached this agreement, and if Ms. Brown so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9. **USAO-DC's Criminal Division Bound**: Ms. Brown understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Brown.

10. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Brown, Ms. Brown's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Brown may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Brown and her counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By _____
Angela Hart-Edwards
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1-17-07

Latrice Brown
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/17/07

Rita Bosworth, Esquire
Attorney for the Defendant

6

**To:** Angela Hart-Edwards AUSA
**Fax#:** 202/514-6010
**Re:** U.S. v. Latrice Brown
**Date:** January 17, 2007
**Pages:** 7, including this cover sheet.

# FACSIMILE

From the desk of...

Rita B. Bosworth
Assistant Federal Defender
Federal Public Defender - Washington, D.C.
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

202/208-7500
Fax: 202/501-3829

### CONFIDENTIALITY NOTE

The documents accompanying this telefax contain information from the *FEDERAL PUBLIC DEFENDER, DISTRICT OF COLUMBIA*, which is confidential or privileged. The information is intended for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any copying, disclosure, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.