IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>LATRICE BROWN       )<br>_____ ) | Cr. No. 07-005 (RJL) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Latrice Brown, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Brown respectfully asks the Court to sentence her to probation.

### BACKGROUND

On January 8, 2007, the government filed a one-count Information against Ms. Brown. On February 8, 2007, Ms. Brown pled guilty, in accordance with a written plea agreement, to the Information, which charged her with Access Device Fraud in violation of 18 U.S.C. § 1029(a)(5). Ms. Brown is scheduled to be sentenced before this Court on May 11, 2007, at 11:00 a.m.

### DISCUSSION

**I.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. BROWN SHOULD RECEIVE A SENTENCE OF PROBATION**

    A.    Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 15 years.

    B.    Advisory United States Sentencing Guidelines

_(I).    Applicable Guideline Range_

The probation office, consulting the 2006 edition of the advisory guidelines, has concluded that the base offense level is 8, and that Ms. Brown's criminal history category is III, resulting in an advisory guideline range of 6-12 months. The advisory guidelines state that probation is permissible in this case.

C.    Ms. Brown Should Receive A Sentence Of Probation

_I. Nature of the Offense_

While Ms. Brown in no way wishes to diminish the seriousness of her offense, the crime to which she pled guilty was neither a crime of violence nor a drug-related offense. She submits that her sentence should be consistent with the Federal Sentencing Scheme, which indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence _other than_ imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

_II. Characteristics of the Defendant_

When trying to describe Latrice Brown's life, what immediately comes to mind is a book written by children's author Lemony Snicket, entitled "A Series of Unfortunate Events." From the moment she was born, Ms. Brown was subject to an almost unbelievable series of unfortunate events, one after another. Both her parents were drug addicts. Her father spent most of his time in prison, and her mother overdosed and died when Ms. Brown was only 3 years old. She was shuffled to live with her grandmother, who died when Ms. Brown was 11, and she was then moved again to live with her aunt until she was old enough to be on her own. Before she

came to live with her aunt, Ms. Brown was physically and sexually abused, all before the age of 11. Based on this information alone, it is clear that Ms. Brown's chances at leading a "normal" life were greatly diminished from the start. Only a superhero could endure what Ms. Brown did at any age, let alone her developmental years, and not experience significant problems later on.

    Not surprisingly, Ms. Brown's daily life is littered with obstacles. Though she has never married, she had a daughter, Lashell, in eighth grade, before she even got to high school. As a single, teenage mother, Ms. Brown struggled to raise Lashell. It saddened her, but she recently had to send Lashell to live with her father due to some serious emotional problems her daughter was exhibiting. Ms. Brown also has a son, Robert, who is 4 years old and for whom she is the sole caretaker. Robert's father in on parole in Maryland and does not support his son. Ms. Brown is soon to have another child; she is 3 months pregnant. Though she has a positive attitude about this development in her life, it is unclear whether this child's father will support her either.

    With two children and one on the way, Ms. Brown's plate is full. But her daily struggles do not stop there. Ms. Brown has been evicted from her home and does not have the means to live in non-subsidized housing, so she will be living in a shelter, with her son, until she can find affordable housing. In addition, her doctor has diagnosed her as having a high-risk pregnancy, which will increasingly take a toll on her health in the upcoming months.

    It is true that Ms. Brown has a checkered criminal history, but it is also true that, on a relative scale, none of her offenses have been extremely serious, and they are no doubt a result of the desperation, loneliness, anger, and hurt that have been inflicted on her for her entire life. Ms. Brown has had trouble with drugs in the past, but her drug tests have been consistently negative

over the course of this offense. In addition, she received her high school diploma through the Living Wages program in 2006. Ms. Brown is a good person at heart, she just has had a very long series of unfortunate events to deal with in her life. She asks for the Court's mercy in this case.

### III. Appropriate Sentence

Given all the circumstances, it would appropriate in this case to sentence Ms. Brown to a period of probation. The primary concern for the government in this case is the money that was taken and the victim that suffered as a result. The remedy is for the victim to be made whole again. Ms. Brown recognizes that her life has spiraled out of control, and she is committed to getting it back on track, particularly since she has a baby on the way. A sentence of probation would punish Ms. Brown and allow the Court to keep an eye on her, but it would also take into account the fact that Ms. Brown is acting responsibly by agreeing to pay everything back, just as she acted responsibly in owning up to her behavior and taking a pre-indictment plea. For Ms. Brown, the primary concern is her son, Robert, and her pregnancy. Robert does not have anyone else to care for him, and he depends very much on his mom for everything. Ms. Brown understands that she has committed a grave error but she beseeches the Court not to punish her son for her wrongdoing.

## **CONCLUSION**

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Brown asks the Court to sentence her to probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

        Respectfully submitted,

        A.J. Kramer
        Federal Public Defender


        _____/s/_____
        Rita Bosworth
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Washington, D.C.  20004
        (202) 208-7500 ext.126